890 F.2d 416
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PETERSON ENTERPRISES,INC., Plaintiff-Appellant
v.
OHIO DEPARTMENT OF MENTAL RETARDATION AND DEVELOPMENTAL
DISABILITIES, et al., Defendant-Appellees
 No. 89-3347.
 United States Court of Appeals, Sixth Circuit.
 Nov. 29, 1989.
 
 Before MERRITT, Chief Judge, WELLFORD, Circuit Judge, and ROBERT E. DeMASCIO, Senior District Judge*.
 MERRITT, Chief Judge.
 
 
 1
 Plaintiff appeals the District Court's dismissal of their Sec. 1983 suit which raised due process and equal protection challenges arising out of the award of a government building contract. Plaintiff's complaint, filed November 10, 1988, sought injunctive relief and damages for alleged violations of the Due Process and Equal Protection Clauses of the Fourteenth Amendment and 42 U.S.C. Sec. 1983. Defendants moved to dismiss for failure to state a claim upon which relief could be granted. On Defendants' motion to dismiss, the District Court granted the motion because the complaint failed to state a judicially cognizable claim in that "plaintiff had no constitutionally protected property interest." District Court Order at 10. The issue presented in this appeal is whether the District Court properly determined that Plaintiff failed to state a viable procedural due process or equal protection claim under the Fourteenth Amendment of the United States Constitution. We conclude that Plaintiff failed to state a claim under either the Due Process or Equal Protection Clauses and, therefore, the District Court's dismissal of Plaintiff's claim was proper.
 
 
 2
 Plaintiff is in the business of operating group homes for mentally and physically disabled individuals. In April 1988, the Hamilton County MRDD issued a request for proposals to build two five-bed family facilities for mentally impaired individuals. Following all bidding procedures, Plaintiff submitted his proposal.
 
 
 3
 The Ohio Administrative Code Sec. 5123:2-16-01 sets forth standards governing the review of all proposals. A local review committee, comprised of local citizens, reviews and rates the proposals. These findings are submitted to the Hamilton County MRDD, which then must recommend three applicants to the Ohio MRDD. The recommendation is supposed to include a number of considerations, but these requirements are not exhaustive. Id. at Sec. 5123:2-16-01(E)(8). The Ohio MRDD ultimately reviews these recommendations and makes a final determination as to which proposal to accept. Ohio Administrative Code Sec. 5123:2-16-01(E)(9) establishes a list of selection criteria, but the list is not exhaustive. Unsuccessful applicants initially may appeal to the Hamilton County MRDD. A second appeal may be taken to the Ohio MRDD.
 
 
 4
 Six proposals were submitted to the Hamilton County MRDD. Although Plaintiff had been the interim provider before the request for proposals, Plaintiff's formal bid was not among the three proposals which were recommended by the Hamilton County MRDD. Plaintiff has appealed to both the county and the state boards.
 
 
 5
 Plaintiff makes several challenges to the contract-awarding process. First, he alleges that two members of the local review committee were biased against him and, therefore, singled out Plaintiff's proposal for special and unwarranted criticism. Plaintiff also alleges that Defendants accepted proposals from bidders who had not complied with the established proposal procedures. Finally, Plaintiff alleges that other bidders were afforded special treatment, often facilitated through ex parte communications, which was not given to Plaintiff. These allegations comprise the basis for Plaintiff's due process and equal protection claims.
 
 I. DUE PROCESS CHALLENGE
 
 6
 A. Existence of a Constitutionally Protected Property Interest
 
 
 7
 In order to benefit from the Due Process Clause protections, Plaintiff must establish the existence of a constitutionally protected property interest. See Board of Regents v. Roth, 408 U.S. 564, 569 (1972). This evidentiary burden requires a showing of a legitimate claim of entitlement, not a mere unilateral expectation of it. Id. at 577.
 
 
 8
 Several courts have addressed the issue of whether a bidder for a government contract has a legitimate claim of entitlement in being awarded the contract. Plaintiff relies heavily on the decision in Three Rivers Cablevision, Inc. v. Pittsburgh, 502 F.Supp. 1118 (W.D.Pa.1980). The court found that under the facts of that case a property interest of relatively narrow dimension existed: "the right of the lowest responsible bidder in full compliance with the specifications to be awarded the contract once the city in fact decided to make an award." Id. at 1131. Three Rivers, however, is distinguishable from the case at bar on two grounds. First, as the District Court noted, Ohio state law does not require the contract to be awarded to the lowest bidder. Second, the bidding procedures in Three Rivers failed to vest any real discretion in the government officials concerning who received the contract--if the contract were let, the law required that that lowest responsible bidder be the recipient. Id. at 1131. In this case, not only is there no "lowest responsible bidder" requirement, the statutory requirements are not exhaustive and, therefore, by their nature create discretionary authority in the reviewing boards.
 
 
 9
 District Judge Graham wrote a thorough and well-reasoned opinion which refused to find that Plaintiff had a constitutionally protected property interest. Relying on his analysis, we affirm his decision. Reviewing the facts of this case, it is clear that Plaintiff did not have a constitutionally protected property interest in being awarded the building contract. Case law suggests that a legitimate claim of entitlement to the award of a building contract could arise in two ways. First, if Plaintiff actually had been awarded the contract at any procedural stage, he might have claimed a protected interest. Hixon v. Durbin, 560 F.Supp. 654 (E.D.Pa.1983). This scenario, however, did not occur and, in fact, Plaintiff was not even recommended at any procedural stage. Second, if the Board had limited discretion under local rules as to whom should be awarded the contract (e.g. state law mandated the award of government contracts to the lowest bidder), then Plaintiff might have a protected property interest in the award if he were the beneficiary of the state law mandate. The facts of this case, however, suggest that the local review board, the Hamilton County MRDD, and the Ohio MRDD all had discretion in the recommendation and award of the building contract. Any state law guidelines in the consideration process clearly were nonexhaustive. Thus, Plaintiff did not have a constitutionally protected property interest in being awarded the contract to build the group homes, but rather possessed a mere unilateral expectation of receiving the award. See Curtis Ambulance v. Shawnee County Bd. of Comm'rs., 811 F.2d 1371, 1384 (10th Cir.1987) (finding plaintiff was "unable to demonstrate the existence of applicable local or state rules which sufficiently circumscribe the Board's authority to award the contract in dispute such that Curtis had anything other than a mere 'unilateral expectation' of receiving the ambulance contract."). We refuse to adopt Plaintiff's argument that the mere submission of a bid under a discretionary award procedure is sufficient to create a legitimate claim of entitlement to the award.
 
 
 10
 Plaintiff also claims that he had a constitutionally protected property interest in the procedures used for awarding contracts. This argument, however, was rejected in Three Rivers, the very case on which Plaintiff relies for support. The court in Three Rivers stated that "there can be no property interest in a procedure itself; if there be a protected interest involved here, it is to be found in the benefit whose enjoyment is sought to be regulated by the procedure; namely, the award of the contract." 502 F.Supp. at 1128-29, We agree. (emphasis in original) (foornote omitted).
 
 B. Inadequacy of State Procedures
 
 11
 Even if this Court found that Plaintiff had a constitutionally protected property interest in the award of the government contact, dismissal of Plaintiff's claim still would be appropriate because Plaintiff has neither pled or attempted to show that Ohio's administrative or judicial remedies are not in accordance with due process of law.
 
 
 12
 In order to make out a procedural due process claim, Plaintiff must establish three factors. First, Plaintiff must show protected property or liberty interest. Second, Plaintiff must show that the state remedies for redressing the alleged deprivation are inadequate because they fail to provide procedural due process of law. See Hudson v. Palmer, 468 U.S. 517 (1984); Vicory v. Walton, 721 F.2d 1062 (6th Cir.1983), cert. denied, 469 U.S. 834 (1984). Assuming that Plaintiff had established a constitutionally protected property interest in the award of the government contract, Plaintiff has failed to plead and show that Ohio's corrective procedures fail to provide due process of law.
 
 II. EQUAL PROTECTION CHALLENGE
 
 13
 The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." Plaintiff claims that Defendants have committed an equal protection violation for which it is entitled to relief. Specifically, Plaintiff alleges that compliance with specifications for proposals was waived for other bidders and ex parte advice was given to other bidders with respect to the inclusion of certain terms and conditions in the proposals. Thus, Plaintiff claims that reviewing and selecting a proposal under these "arbitrary" standards denied Plaintiff equal protection of the laws.
 
 
 14
 We agree with the conclusions of District Judge Graham in deciding that Plaintiffs were not denied equal protection of law. State guidelines concerning the award of these contracts provide for significant discretion in all three tiers of the review process. Plaintiff does not allege any equal protection violation which would require heightened scrutiny. Thus, applying a rational basis standard to the alleged conduct of Defendants, we conclude that Defendants did not exercise their discretion under the award procedures in a sufficiently arbitrary manner to contravene any equal protection guarantee.
 
 
 15
 Finding that the District Court appropriately denied recovery to Plaintiff in this case, it becomes unnecessary to determine whether this action is barred by the Eleventh Amendment of the United States Constitution. Although we decline to decide this issue, there is a serious question whether this suit would be barred by the Eleventh Amendment pursuant to the holdings in Hans v. Louisiana, 134 U.S. 1 (1890) (holding that a federal court could not hear a suit brought by a citizen against his own state under the language of the Eleventh Amendment), and Edelman v. Jordan, 415 U.S. 651, (1974) (holding that only prospective injunctive relief may be awarded when a plaintiff sues a state official alleging a federal law violation).
 
 
 16
 Accordingly, the decision of the District Court is affirmed.